UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62809-CV-UNGARO

LEMUEL NELSON,
     Plaintiff,

vs.

S&S PEMBROKE PLAZA LLC,
a Florida corporation,
*and* LA COCINA PUERTORRIQUENA INC.,
a Florida corporation,
*and* LOBO ENTERPRISES, INC.,
a Florida corporation, *d/b/a*
PEMBROKE WIRELESS *a/k/a* METRO PCS

     Defendants.
_____/

## FINAL DEFAULT JUDGEMENT

THIS CAUSE HAVING come to be heard before this Honorable Court on Plaintiffs'

Motion for Final Default Judgment for the entry of an Order for Injunctive Relief, attorney fees,

and costs, and the Court being duly advised in the premises herein, it is hereby:

ORDERED AND ADJUDGED that Final Default Judgment is hereby entered in favor of

Plaintiff, LEMUEL NELSON, an Individual, and against Defendants S&S PEMBROKE PLAZA

LLC, a Florida corporation, LA COCINA PUERTORRIQUENA INC. a Florida corporation, *and*

LOBO ENTERPRISES, INC., Florida corporation, *d/b/a* PEMBROKE WIRELESS *a/k/a*

METRO PCS  (hereinafter the "Defendants")  in the form of Injunctive relief.  Defendants have

violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and this

Honorable Court hereby orders: The Defendants S&S PEMBROKE PLAZA LLC,  LA COCINA

PUERTORRIQUENA INC., *and* LOBO ENTERPRISES, INC. to correct the following

architectural barriers/violations of the ADA, as follows:

## *FOR EACH INDIVIDUAL UNIT WITHIN SHOPPING PLAZA:*

### *PARKING*

    i.    Failure to provide the minimum number of handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36 Section 4.6.3, and are located on the shortest route of travel to the Subject Facility's main entrance as required by 28 C.F.R. Part 36 Section 4.6.2; as well as a compliant walkway from said handicap spaces to the Subject Facility's main entrance;

    ii.    Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 144 inch wide minimum, with the designation of "van accessible", as required by 28 C.F.R. Part 36 Section 4.6.4 and Section 4.1.2(5)(b);

    iii.    Modify the designated accessible parking spaces to connect directly to an accessible route consistent with Standards §§ 4.3.2; 4.6.3;

    iv.    Modify the access aisles of the designated accessible parking spaces so they are demarcated consistent with Standard § 4.6.3;

    v.    Modify the designated accessible spaces so that one in every eight accessible parking spaces conforms to the space requirement and is designated as "van accessible" consistent with Standard § 4.1.2 (5)(b);

    vi.    Ensure that designated accessible and "van accessible" spaces have appropriate signage, and that the signs cannot be obscured by parked vehicles consistent with Standard § 4.6.4;

vii.   Provide an accessible path of access, with a compliant ramp(s), from the "accessible" parking space(s) to the Subject facilities

viii.   Provide an accessible path of access, without excessive slopes and cross-slopes, and which do not traverse vehicular traffic, from the Subject Facility;

ix.   Provide properly sized and configured accessible parking spaces, without excessive slopes and/or cross-slopes, with complaint access aisles and/or with compliant signage;

x.   Provide an accessible path of access/route, without curbs, excessive changes in level and/or excessive slopes to the Subject Facility;

xi.   Provide a safe, accessible parking at the subject facility;

### PUBLIC WALKWAYS & ENTRANCE FOR EACH UNIT

xii.   Remove any obstructions from the walkways throughout the Subject Facility, which is in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

xiii.   Modify walkways to include handicap accessible ramps at the Subject Facility that are compliant with the ADA;

xiv.   Provide aisles that are wide enough and in compliance with *ADAAG* Secs 4.2 and 4.3;

xv.   Provide a safe, accessible walkway at the subject facility; currently, the walkway is uneven in violation of the ADA;

xvi.   Provide a safe, accessible walkway at the exterior of the subject facility; currently, the walkway is uneven in violation of the ADA;

xvii.   Provide an entrance ramp leading to the premises that has an ADA compliant slope and a ramp that has the requisite ½" beveling in violation of *ADAAG* 4.3.;

xviii.   Provide an accessible path of access, without excessive slopes and cross-slopes at the Subject Facility;

xix.   Provide an ADA accessible walkway in the exterior and interior of the facility;

### WALKWAYS AT EACH UNIT

i.   Remove any obstructions from the walkways throughout the Subject Facility, which is in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

ii.   Modify walkways to include handicap accessible ramps at the Subject Facility that are compliant with the ADA;

iii.   Provide aisles that are wide enough and in compliance with *ADAAG* Secs 4.2 and 4.3;

iv.   Provide a safe, accessible walkway at the subject facility in violation of the ADA;

v.   Provide an entrance ramp leading to the premises that has an ADA compliant slope and a ramp that has the requisite ½" beveling in violation of *ADAAG* 4.3.;

vi.   Provide an accessible path of access, without excessive slopes and cross-slopes at the Subject Facility;

### INTERIOR SPACES AT EACH UNIT

vii.   Modify interior and exterior doors to have accessible door hardware, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

viii.   Provide adequate compliant signage addressing people with disabilities to notify them that accessible services are provided by Subject Facility as required by 28 C.F.R. Part 36 Section 4.30.4;

ix.     Provide a service counter that meets ADA standards; including but not limited to, the service counter located in the subject facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

x.      Provide a bar/serving counter that meets ADA standards; including but not limited to, the Bar/Serving counter located in the subject facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

xi.     Provide a hostess stand/cashier desk that meets ADA standards; including but not limited to, the hostess stand/cashier desk located in the subject facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

xii.    Provide accessible seating that complies with *American with Disability Act Accessibility Guidelines* (hereinafter *ADAAG*) Secs. 4.32, 5.1, 5.2, 5.3, and 5.4 et seq.;

xiii.   Provide accessible seating outside the Subject Facility that complies with *American with Disability Act Accessibility Guidelines* (hereinafter *ADAAG*) Secs. 4.32, 5.1, 5.2, 5.3, and 5.4 et seq.;

xiv.    Provide aisles that are wide enough and in compliance with *ADAAG* Secs 4.2 and 4.3;

xv.     Provide doorways that are wide enough and in compliance with *ADAAG;*

xvi.    Provide the maneuvering clearance within the facility as prescribed by the ADA;

xvii.   The merchandise shelving at the Subject Facility are at an inaccessible height in violation of the requirements of 28 C.F.R. Part 36;

xviii.   Provide the requisite lowered section to each sale and service counter, provide an accessible path of access thereto, and provide the requisite maneuvering space in front;

xix.   Provide food and drink dispensers, vacuum and air dispensers, paper towel dispensers, ATM's, items for sale and other controls and services, on an accessible path of access, within accessible reach parameters, with the requisite maneuvering clearances, and with accessible hardware;

xx.   Modify restrooms to be accessible, including failing to:

    i.   Remove any obstructions from the walkway to the restroom in accordance with 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

    ii.   Provide the required informational signage on the restroom entrance as required by 28 C.F.R Part 36, Section 4.3;

    iii.   Modify restroom doors to have accessible door, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

    iv.   Failure to provide the maneuvering clearance within the restroom as prescribed by the ADA;

    v.   Provide the requisite maneuvering clearances within the stalls;

    vi.   Provide accessible door hardware in the restroom entrance/exit that can be opened with a closed fist in violation of 28 C.F.R Part 36, Section 4.23.9;

    vii.   Provide the maneuvering clearance at the entry way of the restroom as prescribed by the ADA;

viii.   Provide the maneuvering clearance at the route to the restroom as prescribed by the ADA;

ix.   Failure to provide the maneuvering clearance within the restroom as prescribed by the ADA;

x.   Provide insulation for the exposed hot water and drain pipes under lavatories to prevent dangerous conditions and serious burns in violation of 28 C.F.R Part 36, Section 4.19.4;

xi.   Provide rear grab bar behind restroom toilet in violation of 28 C.F.R Part 36, Section 4.17.6;

xii.   Provide side grab bars that are at least 42 inches long consistent with Standard § 4.17.6; Fig. 30(d);

xiii.   Provide accessible soap dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

xiv.   Provide accessible paper towel dispenser as required by 28 C.F.R Part 36, Section 4.16.6. The maximum height of the paper towel dispensers cannot be more than 48 inches consistent with Standard § 4.2.5;

xv.   Provide accessible toilet paper dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

xvi.   Provide accessible mirror as required by 28 C.F.R Part 36, Section 4.16.6;

xvii.   Provide an accessible lavatory as required by 28 C.F.R Part 36;

xviii.   Provide a lavatory with appropriate clearance as required by 28 C.F.R Part 36;

xix.   Provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatories for accessibility in violation of 28 C.F.R Part 36, Section 4.1 and 4.19.2;

xx.   Provide a lavatory with controls and operating mechanisms that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist in violation of 28 C.F.R Part 36, Section 4.19;

xxi.   Provide accessible toilet as required by 28 C.F.R Part 36, Section 4.16;

xxii.   Provide accessible urinals as required by 28 C.F.R Part 36, Section 4.18.

## *EMERGENCY EXIT*

xxi.   Provide the required informational signage at the emergency exit located at Subject Facility;

xxii.   Provide a safe, accessible emergency exit at the rear of the subject facility in violation of 28 C.F.R Part 36.

The Defendant shall comply with the terms of this Final Default Judgment within sixty (60) days of entry of this judgment. The Court shall retain jurisdiction relating to the Plaintiff's attorney's fees and costs and said motion shall be filed within thirty (30) days of entry of this Final Default Judgment.

DONE AND ADJUDGED in Chambers at Miami, Florida, this 12 day of Mar.,

2015.

UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsels of record Via CMECF

TO: S&S PEMBROKE PLAZA LLC, a Florida corporation,

> SASONI, MICHAEL J
> 3201 NE 183 STREET
> # 306
> AVENTURA, FL 33160

VIA US MAIL


TO: LA COCINA PUERTORRIQUENA INC., a Florida corporation,
> LA COCINA PUERTORRIQUENA
> ISABEL, ISIS
> 6742 PEMBROKE ROAD
> PEMBROKE PINES, FL 33023

VIA US MAIL


TO: LOBO ENTERPRISES, INC., a Florida corporation, *a/k/a* METRO PCS

> LOBO RODRIGUEZ, ELSA
> 6776 PEMBROKE ROAD
> PEMBROKE PINES, FL 33023

VIA US MAIL