UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62809-CV-UNGARO

LEMUEL NELSON,
    Plaintiff,

vs.

S&S PEMBROKE PLAZA LLC,
a Florida corporation,
*and* LA COCINA PUERTORRIQUENA INC.,
a Florida corporation,
*and* LOBO ENTERPRISES, INC.,
a Florida corporation, *d/b/a*
PEMBROKE WIRELESS *a/k/a* METRO PCS

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Plaintiff, LEMUEL NELSON, an Individual, (hereinafter "Plaintiff"), by and through his undersigned Counsel, pursuant to 42 U.S.C. § 1988, and Rule 54(d) of the Federal Rules of Civil Procedures, Plaintiff and Plaintiff's counsel move the Court for an award of attorney's fees, expert fees, and costs as it relates to this matter, for all Defendants in this case: S&S PEMBROKE PLAZA LLC, a Florida corporation, LA COCINA PUERTORRIQUENA INC. a Florida corporation, *and* LOBO ENTERPRISES, INC., Florida corporation, *d/b/a* PEMBROKE WIRELESS *a/k/a* METRO PCS  (hereinafter the "Defendants"),  .This Motion is supported by the following Memorandum and Exhibits attached hereto in support of the amount requested.

## I. FACTS AND PROCEDURAL HISTORY

1. On December 10, 2014, Plaintiff who is a wheelchair-bound individual, brought this action against all Defendants in this case: S&S PEMBROKE PLAZA LLC, a Florida corporation, LA COCINA PUERTORRIQUENA INC. a Florida corporation, *and* LOBO ENTERPRISES, INC., Florida corporation, *d/b/a* PEMBROKE WIRELESS *a/k/a* METRO PCS  (hereinafter the "Defendants"),  claiming that Defendants are the owners and/or lessors and/or lessees and/or operators of the real property (hereinafter the "Subject Facility"), and/or the owner of the improvements where the Subject Facility is located, the facility commonly referred to as the shopping plaza that houses Metro PCS, Neway Printing, Contractors School and LA COCINA PUERTORRIQUENA restaurant, located at 6726-6780 Pembroke Road, Pembroke Pines, Florida 33023. Plaintiff complaint stated that said Subject Facility is a public accommodation, by 28 C.F.R. Part 36.104 and is in violation of the American With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"), because architectural barriers exist at the said property which prevent the Plaintiff and other disabled individuals from equally using and enjoying the goods and services offered at the Subject Facility [DE 1].

2. The Plaintiff filed a Complaint [DE 1] with the Court, on December 10, 2014, in the above styled case, for declaratory and injunctive relief, attorney's fees, litigation expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181, et. Seq. (Americans with Disability Act or ADA).

3. This Court has jurisdiction over the subject matter of this case and jurisdiction over the Defendants.

4. Venue is proper in this Southern Division Court pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that the events giving rise to this lawsuit occurred in Broward County, Florida.

5. The Complaint states a claim upon which relief may be granted against the Defendant.

**S&S PEMBROKE PLAZA LLC, a Florida corporation**

6. On January 7, 2015 at 7:45 pm., the Plaintiff obtained service on the Defendant S&S PEMBROKE PLAZA LLC, a Florida corporation.

7. Defendant S&S PEMBROKE PLAZA LLC had until, approximately, **January 28, 2015** to file its answer with the Court.

8. The Defendant S&S PEMBROKE PLAZA LLC has not entered an appearance or filed an Answer or other responsive pleading to the Complaint.

9. To date, the Defendant S&S PEMBROKE PLAZA LLC have not responded to the Complaint, nor otherwise appeared in this action.

**LOBO ENTERPRISES, INC., a Florida corporation**

10. On January 5, 2015 at 11:30 AM., the Plaintiff obtained service on the Defendant LOBO ENTERPRISES, INC., a Florida corporation.

11. Defendant had until, approximately, **January 26, 2015** to file its answer with the Court.

12. The Defendant LOBO ENTERPRISES, INC. has not entered an appearance or filed an Answer or other responsive pleading to the Complaint.

13. To date, the Defendant LOBO ENTERPRISES, INC. have not responded to the Complaint, nor otherwise appeared in this action. Defendant has not entered an appearance or filed an Answer or other responsive pleading to the Complaint.

## **LA COCINA PUERTORRIQUENA INC., a Florida corporation**

14. On January 5, 2015 at 11:30 AM., the Plaintiff obtained service on the Defendant LA COCINA PUERTORRIQUENA INC., a Florida corporation.

15. Defendant had until, approximately, **January 29, 2015** to file its answer with the Court.

16. To date, said Defendant has not filed a responsive pleading.

17. The Defendant LA COCINA PUERTORRIQUENA INC. has not entered an appearance or filed an Answer or other responsive pleading to the Complaint.

18. To date, the Defendant LA COCINA PUERTORRIQUENA INC. have not responded to the Complaint, nor otherwise appeared in this action. Defendant has not entered an appearance or filed an Answer or other responsive pleading to the Complaint.

19. The Plaintiff moved for a Clerks Entry of Default on February 20, 2015 [DE 5].

20. Clerk Default was entered against Defendants on February 26, 2015 [DE 7][1].

21. On March 12, 2015, an Order entitled *FINAL JUDGEMENT* [DE 12], signed by this Honorable Court, granted the Plaintiff's Motion For Final Default Judgment Against all Defendants in this case . Said Order of Final Default Judgment was entered in favor of the Plaintiff and against Defendants: S&S PEMBROKE PLAZA LLC, a Florida corporation, LA COCINA PUERTORRIQUENA INC. a Florida corporation, *and* LOBO ENTERPRISES, INC., Florida corporation, *d/b/a* PEMBROKE WIRELESS *a/k/a* METRO PCS, and entitled Plaintiff to reasonable attorney's fees and costs pursuant to 29 U.S.C. 2005(c)(3).

22. To date, Plaintiff has incurred $6,281.25 for attorney fees (consisting of 16.75 attorney hours at a rate of $375.00 per hour totaling $6,281.25); $540.00 for attorney's litigation expenses

---

[1] Order [DE 7] is attached as Exhibit

and costs, $1000 in expert fees [See Plaintiff's Expert's invoice & Oath attached]. Thus, without an evidentiary hearing on this matter, the total fees and costs are $7821.25. Accordingly, Plaintiff and Plaintiff's counsel respectfully move the Court for an award of attorney's fees, expert fees, and costs as it relates to this matter, pursuant to 42 U.S.C. § 1988, and Rule 54(d) of the Federal Rules of Civil Procedures, in the total amount of **$7821.25**[2].

23. Plaintiff's counsel hereby certifies that she has carefully reviewed the time records submitted and that this motion is well grounded in fact and is justified.

## II.   AMOUNT OF ATTORNEYS FEES

### A.   Lodestar Method

Attorneys' fees, expert fees, litigation expenses and costs are recoverable under the ADA, 42 U.S.C. § 12205. To recover attorneys fees under 42 U.S.C. § 12205, a Plaintiff must be a prevailing party. *Buckhannon Bd & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*,532 U.S. 598 (2001). In order to be a "prevailing party" under *Buckhannon*, a Plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2dCir.2004); *American Disability Association, Inc., v. Chimielarz*, 289 F.3d1315 (11th Cir. 2002); *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003); *Barrios v. Cal. Interscholastic Fedn.*, 277 F.3d 1128 (9th Cir. 2002). In this case, since the Defendants defaulted and the Court entered a Final Default Judgment against the Defendants and in favor of the Plaintiff, this, the Plaintiff is the prevailing party against the Defendants, and is entitled to reasonable attorney's fees, expert fees and costs.

Once the Plaintiff has been deemed the prevailing party, the Court must determine what is a reasonable amount of fees. In a civil rights case, the amount of an award of attorneys' fees is typically determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provisions of legal services and multiplying that rate by

---

[2] This amount does not include an amount for evidentiary hearing if the Court deems one necessary then those hours/costs will have to be added.

5

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Building Service Local 47 Cleaing Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).

In this case, Plaintiff is deemed the prevailing party.

### B. Reasonable Hourly Rate

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 (1984); See *Gaines v. Doughtery County Board of Education*, 775 F. 2d 1565, 1571 (11th Cir. 1985); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). With respect to the issue of hourly rate, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of the witnesses as to value." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, at 1303 (11th Cir. 1988).

In this case, Plaintiff's counsel has applied the hourly rate of $375.00. The hourly rate sought in this case is within the range of rates charged by other attorneys in similar cases with similar legal experience. Plaintiff's counsel has a significant amount of experience, regarding disability law and the ADA, having been counsel on over seventy similar type cases. Plaintiff's counsel also has significant experience as a trial attorney; having personally handled thousands of cases and as a prosecutor was lead counsel on approximately nearly one hundred trials. Plaintiff's Counsel's rate has been established in her private practice and is clearly commensurate with private attorneys of similar experience in the District. See *Blum*, 465 U.S. at 896.[3] In fact, a Court in this same Jurisdiction has already granted Plaintiff's Counsel with $375 as an hourly fee. [SEE Order DE 14 in CASE NO.: 12-61207-CIV-COHN/SELTZER attached as Exhibit].

Other civil rights and labor and unemployment attorneys with similar legal experience to Plaintiff's counsel have been awarded similar hourly fees in jurisdictions spanning from Florida to Ohio to New York. See *Steven Brother v. BFP Investments, Ltd.*, Case No. 03-60129-Civ-Marra/Dube (S.D. Fla. 2005) (awarding $385 per hour in a Title III ADA action in March, 2005); *Access 4 All, Inc.v. Park Lane Hotel, Inc.*, Case No. 04-cv-7174 (S.D.N.Y. 2005) (awarding $350 per

---

[3] See also *Goodman v. Sperduti Enterprises*, Inc. et al. 08-62096-CIV-COHN/SELTZER. In which the court ruled $350 was a reasonable rate in 2008 and also awarded full costs of litigation including expert costs.

6

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

hour in 2005); *Access 4 All, Inc.v . Hi 57 Hotel LLC*, Case No. 04-cv-6620 (S.D.N.Y. 2006) (awarding $350 per hour in January, 2006); *Access 4 All, Inc.,v. Trump Int'l Hotel*, Case No. 1:04-cv-07497-RJS (S.D.N.Y 2008) ($375 per hour for attorney Lawrence Fuller); *Women's Medical Professional Corporation v. Baird*, 2003 WL 23777732 (S.D.Oh. 2003) (awarding $350 per hour to a civil rights attorney four years ago); *James Depot v. Wash Holdings*, 489 F.Supp.2d. 1342 (S.D.Fl., May 14, 2007) (awarding $450 per hour); *Lane v. Acquisitions and Management Co.*, 554 F.7 Supp. 2d 1345 (S.D. FL. May 9, 2008) (awarding $450 per hour); *Association for Disabled Americans, Inc. et.al. v. Amoco Oil Co., et. al.,* Case No. 98-2002 Civ Gold, awarding $325 per hour; *Association for Disabled Americans, Inc. et.al. v. Tobacco Road, Inc.,* Case No. 99-3128 Civ Hurley, awarding $325 per hour;  *Topp. Inc. v. Uniden America Corp.*, 2007, U.S. Dist., Lexis 53750 (S.D.FL. July 25, 2007) (awarding $551 per hour). Further attached as Exhibit 5 is an Order from a 2008 case in this jurisdiction where the court awarded an attorney $350 per hour[4]. Also attached is the Order in which the District Court in this Jurisdiction awarded undersigned counsel $350 per hour. (See Nelson v. Key Largo Service Station, LLC Case 4:13-cv-10052-JLK Document 11, attached as exhibit).

Accordingly, it is clear that the rate of $375 per hour for Plaintiff's attorney for work performed in this case is well within the customary range of rates charged by other attorneys with similar legal experience, and within the range awarded by other Courts.

In determining the reasonableness of the attorney's hourly rate, the Court should utilize the following criteria:

1. **The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.**

Considerable time and labor were required to file, prepare and review the facility and facts, and obtain a default judgment. Plaintiff filed this action requesting that said Defendant timely remove barriers to access at the facility, so that Plaintiff and other wheelchair bound persons could avail themselves of the same goods and services enjoyed by the public. Rather than promptly agreeing to bring to its facility into ADA compliance, the Defendant failed to even Answer the Complaint.

2. **The fee customarily charged in the locality for similar legal services.**

---

[4] *Goodman v. Sperduti Enterprises, Inc. et al.* 08-62096-CIV-COHN/SELTZER. In which the court ruled $350 was a reasonable rate and also awarded full costs of litigation including expert costs.

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases to other attorneys with similar experience to Plaintiff's counsel. The current market rate is the rate at the time of the Fee Petition, not the rate at the time the services were performed. This takes into account the delay in payment. *Lani v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, Courts adjust rates upward to account for inflation. Thus, taking into account the cases previously cited to in reference to hourly rate and the inflation rate, the hourly rate of $375 is well within the market rate.

 **3. Retainer Agreement**

The Retainer Agreement in this case permits for the attorney to be reimbursed for attorney's fees and costs.

  **C. Reasonable Number of Hours Expended**

 After the hourly rate is determined, the next step in making a fee award is to determine the reasonable number of hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill a client and therefore to one's adversary irrespective of skill, reputation or experience of counsel." See *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Circ. 1999) quoting, *Norman*, 836 F.2d at 1301 (emphasis in original).

 Counsel, a sole practitioner, has accurately billed for time spent on litigation of this cause. As seen infra, the billing records includes, inter alia, time spent researching specific aspects of this case, drafting motions, conferring with client and Plaintiff's expert, and preparing and drafting the instant motion. The invoices submitted by Plaintiff show no duplicitous or extraordinary charges.

 Most significantly, the "private attorneys general" doctrine dictates that civil rights lawyers should be fully compensated. Civil rights litigation performs a public service: vindicating fundamental constitutional rights, often obtaining judgments which benefit a large class of individuals, and "enabling vigorous enforcement of modern civil rights legislation, while at the same time limiting the growth of the enforcement bureaucracy." *See Dowdell v. City of Apopka, Florida,* 698 F.2d 1181, 1190-91 (11th Cir. 1983), *quoting,* Senate Report, No. 1011, at 4, [1976], 94th Congress, 2nd Session *(1976), reprinted in* [1976] U.S.Code Congo & Ad.News at 5911.[5] Although

---

[5] Although *Dowdell* and the Senate Report addressed this issue in the context of the Attorney's Fees

the "private attorneys general doctrine" is usually discussed in reference to the parties to an action, it applies equally to their counsel. While it is the litigant who has the grievance, it is the litigator who is the "private attorney" furthering the "general" interest. Attorneys' fees and expenses are awarded not only to make it possible for non-affluent litigants to obtain legal representation, but to *"reward* attorneys whose service has benefitted the public interest." *See Dowdell,* 698 F.2d at 1191, *quoting, Freeman v. Ryan,* 408 F.2d 1204, 1206 (D.C.Cir.1968). As its legislative history reveals, the ADA statute seeks to encourage citizens and members of the bar to engage in litigation when necessary to vindicate civil rights. This goal can only be achieved if the potential participants are assured in advance that their expenses will be reimbursed. *Dowdell,* 698 F.2d at 1191.

Accordingly, as set forth *supra,* Plaintiff's counsel and expert are entitled to the unreduced lodestar amount where the public interest is served. *See, Villano v. City of Boynton Beach,* 254 .3d 1302, 1306 (11th Cir. 2001) ("Public benefit is a distinct measure of success in civil rights actions and, to avoid undermining the purpose of [the civil rights action], a court must account for that distinct measure of success when calculating an award of fees and costs").

Although Plaintiff clearly effected substantial relief, where, as here, the relief sought is injunctive, it would be error for the district court to reduce an award of attorney's fees in a civil rights action *even* if the damages [or relief] obtained were nominal provided Plaintiff vindicated a public policy. *See, Lynch v. City of Milwaukee,* 747 F.2d 423, 429 (7th Cir. 1984) (in a case where the plaintiff sought to effect the city's compliance with an important constitutional guarantee and, thus, "did not seek any unique individual benefit," the Court held that "it is especially appropriate to fully repay litigation costs of a plaintiff who did not receive, or even seek, personal benefit"); *Staples v. Wickesberg,* 22 F.R.D. 541,543 (E.D.Wis.,1988) ("[r]egardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards."), *quoting, City of Riverside v. Rivera,* 477 U.S. 561 (1986), *(plurality opinion); cf. Cobb v. Miller,* 818 F.2d 1227, 1233 (5th Cir. 1987); *see also. McCann*

---

Awards Act of 1976, 42 U.S.C. § 1988, the Eleventh Circuit has expressly applied the reasoning of the private attorneys general doctrine to actions brought under the ADA. *See Bruce v. City of Gainesville, Ga.,* 177 F.3d 949, 952 (l1th Cir. 1999) (finding that "[i]n Title VII cases as well as cases under the ADA, the enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the law. Such a policy ensures an incentive for 'impecunious' plaintiffs who can ill afford to litigate then claims against defendants with more resources ... "). Moreover, where cost-shifting is expressly authorized by statute (as here), the traditional limitations of Rule 54(d) and 28 U.S.C.§§ 1920 and 1923(a) do n t apply. *See, Dowdell,* 698 F.2d at 1188-89.

9

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

*v. Coughlin,* 698 F.2d 112, 128-129 (2d Cir.1983) (upholding an award of $50,000 in attorney's fees even where only one dollar in nominal damages had been awarded).

### D. Calculating the Lodestar:

In this cause, an award of attorney fees is made in consideration of each of the twelve factors in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974), as is required by the law of this Circuit.[6] See *Dowdell* at 1187. These factors are:

1. the time and labor required,
2. the novelty and difficulty of the questions,
3. the skill requisite to perform the legal service properly,
4. the preclusion of other employment by the attorney due to acceptance of the case,
5. the customary fee,
6. whether the fee is fixed or contingent,
7. time limitations imposed by the client or the circumstances, the amount involved and the results obtained,
8. the experience, reputation and ability of the attorneys, the 'undesirability" of the case,
9. the nature and length of the professional relationship with the client, and
10. awards in similar cases.

*Id.*

Using the *Johnson* factors of time and customary fee to establish a foundational figure (the lodestar amount), a court is able to achieve a more precise formulation than by considering the 12 factors as a hodge-podge. As set forth herein, time spent multiplied by a reasonable hourly rate provides an objective base award. *supra.* Using this as a starting point, the Court may then use it's discretion in applying the more subjective factors.

Of the remaining *Johnson* factors, it is proper and, under the law of this Circuit, permissible to give special emphasis to those factors relating to the quality of the attorneys' representation and the contingent nature of the case, to wit: (3) The Skill Requisite to Perform the Legal Service Properly, (6) Whether the Fee is Fixed or Contingent, (8) The Amount Involved and the Result Obtained, and

---

[6] *See Bonner v. City of Pritchard,* 661 F.2d 1206 (11th Cir. 1981) (decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

(9) The Experience, Reputation, and Ability of the Attorneys. Numbers (3), (8), and (9) relate to the quality of the attorneys' representation while number (6) obviously goes toward the contingent nature of the case.

      E.      **Quality Factors:**

Counsel is a highly-skilled attorney who has consistently produced a high-quality work product throughout the course of this litigation. The research performed, both as to factual and legal matters, has been thorough and meticulous. The legal arguments were sound. The undersigned is experienced in the areas of law relevant to this cause. The benefits obtained for the Plaintiff, and indeed all individuals with disabilities who will visit the subject premises in the future, have been substantial. Undersigned has handled more than 50 ADA cases in this Jurisdiction. Further, Plaintiff's Counsel has spent numerous years litigating cases as a state prosecutor. The Quality of the work was of the highest standard.

      F.      **Contingency Factors:**

In this case, the fees to be paid Plaintiffs' counsel are contingent upon the success of the action and payment by the Defendant. Until the Court enters its judgment regarding the instant application, counsel has no indication of whether the hours worked will have been spent for naught. In addition to the uncertainty of not knowing whether the attorney will ever receive any payment at all for services rendered, Counsel has been faced with the absolute certainty that any fee award may be delayed for several months. The delay in receiving payment, in addition to the uncertainty of receiving any payment whatsoever, is a factor properly considered in setting an attorney's fee award. *Aamco Automatic Transmissions, Inc. v. Tayloe,* 82 F.R.D. 405 (E.D.Pa.1979); *Knutson v. Daily Review, Inc.,* 479 F.Supp. 1263 (N.D.CaI.1979). This is not a factor separate and distinct from those set forth in *Johnson.* It is merely an adjunct of the contingency factor.

      G.      **Awards in Similar Cases:**

As set forth herein, the fees sought by Plaintiff's counsel are commensurate with the fees counsel charges in her private practice. *See, Knight v. State of Alabama,* 824 F.Supp. 1022, 1029 (N.D.Ala. 1993) (awarding hourly rate attorney charged in previous two years of private practice). Moreover, courts within this Circuit routinely award attorneys of similar experience


rates upwards of $325 per hour. *See, In re Domestic Air Transp.,* 148 F.R.D. 297 (NI.D.Ga. 1993) (rates up to $500 per hour reasonable); *Cuban Museum of Miami v. City of Miami,* 771 F.Supp.1190 (S.D.Fla. 1991) (awarding rate of $275.00 per hour over ten years ago). Most significantly, the hourly rate sought by Plaintiffs' counsel are commensurate with rates awarded by Courts within this District for ADA actions. *See e.J.. Assoc. Disabled Afer., Inc., et al, v. Amoco Oil Co., et at,* Case No. 98- *2002-CN* -GOLD (awarding $325.00 per hour **over eleven years ago**); *Assoc. Disabled Amer., Inc., et al, v. Tobacco Road, Inc.,* 99-3128-CrV-HURLEY (awarding $325.00 per hour **over eleven years ago**). Counsel's rate is commensurate with above since Counsel has litigated approximately over 1000 cases and just about 100 trials. Further, the undersigned has handled well over 50 ADA cases. Thus, the rate counsel is seeking is reasonable with market rate.

        **H.**        **Remaining *Johnson* Factors[7]:**

Whereas the quality and contingency factors will be critical considerations in virtually every civil rights action, the remaining *Johnson* factors, set forth below in n. 8, may or may not be important depending on the facts of the case. In the instant case, none of these factors hold particular significance but for the fact that the facility in question was a medical facility which created a more complex situation. However such complexity did not create any difficulties for counsel, who specializes in this type of litigation. Indeed, as set forth *supra,* counsel is currently engaged in numerous cases that are factually similar to the case *sub judice.* Applying the *Johnson* factors to the instant case, Plaintiff's counsel has conclusively demonstrated her entitled to the full lodestar sought.

**III.**        **COSTS**

---

[7] (2) The novelty and difficulty of the questions; (4) The preclusion of other employment by the attorney; (7) Time limitations imposed by the client or the circumstances; (10) The undesirability of the case; and (11) The nature and length of the professional relationship with the client.

Finally, the Plaintiff requests that the costs incurred in this case be reimbursed as items requested to be taxed as costs in the case. Filing fee, service of process fee, Federal Express charges, etc., are not unusual. These items were awarded by the Courts in *Brother*, supra, and *Absecon,* supra, and *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983).

Under 42 U.S.C. § 12205, the ADA provides for an award of costs, including litigation expenses, in addition to attorney fees[8]. *See, e.g., Guckenberger v. Boston University,* 1998 WL 30095 *1, *20 (D.Mass.1998); *Benson v Northwest Airlines,* 1997 WL 122897 *I, * 5 (D.Minn.1997).

Although neither 42 D.S.C. §12205, nor the statute on which it is based, 42 D.S.C. §1988, defines the term "costs," the inclusion of the term "litigation expenses, and costs" the statute indicates that the intent was to make the statute much broader than simple "costs" statutes, and thus allows for the recovery of litigation expenses as well.

Furthermore, pursuant to 42 U.S.C. § 12205, in an ADA cases, a party may also recover expenses normally not available under 28 U.S.C. § 1920. *Dowdell v. City of Apopka*, supra. In *Dowdell*, a civil rights case involving fees and costs under 42 U.S.C. §1988, the 11th Circuit reversed the District Court's refusal to tax travel, telephone and postage expenses as costs against the Defendants. The Court stated as follows:

> Where cost-shifting is expressly authorized the Statute, "the traditional limitations of Rule 54(d) and 28 U.S.C. § 1920 and 1923(a) do not apply." *Id*. at 1188-89. We hold, with the exception of routine office overhead normally absorbed by its practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under Section 1988. As is true in other applications of Section 1988, the standard of reasonableness is given a liberal interpretation.

In *Dowdell,* the Eleventh Circuit held that there was "no bar to complete recovery" of costs in a civil rights litigation. *Dowdell* at 119. . *Dowdell* at 1191-2, noted that decisions in the courts of this Circuit have awarded expenses reimbursements liberally as appropriate to the specific litigation. See e.g., *Miller v. Carson*, 628 F.2d 346, 349 (5th Cir. 1980) (telephone and postage); *Loewen v.*

---

[8] Section 12205 of the ADA, Title 42, provides, in pertinent part:
> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs ... 42 U.S.C. § 12205.

*Turnipseed*, 505 F.Supp. 512, 517-19 (N.D.Miss. 1980) (holding that awards should be limited to normally billable expenses but generously awarding, among other things, travel, food, and lodging expenses). *Crowe v. Lucas,* 479 F.Supp. 1258,1263 (N.D.Miss. 1979)( awarding telephone, mileage, photocopying and hotel expenses; excluding on $4.88 postage); *Armstrong v. Reed,* 462 F.Supp. 496,502 (N.D.Miss.1978) (travel and duplicating expenses); *Guajardo v. Estelle,* 432 F.Supp. 1373,1388 (S.D.Tex.1977), *aff'd in pertinent part,* 580 F.2d 748 (5th Cir. 1978)( awarding $6,672.20 in costs including travel, telephone, and "the like"); *Payne v. Travenol Laboratories,* 74 F.R.D. 19,21-23 (N.D.Miss. 1976) (awarding $36,467.49 in out-of-pocket expenses under section 1988 and Title VII with specific expression that these expenses are different from recoverable costs under 28 U.S.C. § 1920). *Dowdell* at 1192.

In this case, Plaintiff's attorney's costs, excluding expert fees and costs, to date are: $540.00. These costs include filing fees ($400), service of process ($120 attached as exhibit), Postage Fee ($20). None of the forgoing costs are related to normal business operations *(e.g. o*ffice overhead). All costs incurred are directly related to, and as a direct result of, the Instant litigation. Accordingly, all of Plaintiffs costs In the amount of $540.00 are recoverable and should be taxed to the Defendants. 42 U.S.C. §12205.

**IV.    EXPERT FEES**

Plaintiff's counsel also requests the payment of expert fees.  Provisions of the ADA incorporate the expansive remedies of Title VII of the Civil Rights Act of 1991. Specifically, 42 U.S.C. §12205 states that a prevailing party may recover "a reasonable attorneys fee, including litigation expenses and costs." Section 12217 of the ADA provides plaintiffs in ADA cases with "[t]he powers, remedies, and procedures set forth in" certain sections of the Civil Rights Act, including 42 U.S.C. §2000e- 5. *See* 42 U.S.C. § 12117. Finally, §2000e- 5 states that [i]n any action or proceeding under this title, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorneys fee (*including expert fees*) as part of the costs." 42 U.S.C. §2000e- 5(k) (emphasis added). Thus, this provision, incorporated by reference into the ADA, provides the express statutory authorization necessary to award expert witness fees beyond the per diem amounts set forth in the generally applicable cost statutes.

The Shemtov Law Firm, P.A.
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

Fees paid to expert witnesses are considered "litigation expenses". *Access 4 All, Inc., et. al. v. Ramos Mejia*, Case No. 02-60733 Civ. Dimitrouleas/Seltzer, citing *Robins v. Scholastic Books Fairs*, 928 F. Supp. 1028, 1036 (D. Or. 1996) aff'd. 116 F.3d 486 (9th Cir. 1977); *Ziter v. Vista Designs, Inc.*, 00-7137 Civ. LENARD (S.D. Fla. Oct. 15, 2001).

Moreover, Plaintiff's argument is supported by the history of §2000e-5(k). The Civil Rights Act of 1991 made explicit what previously had been a matter of some debate: "In awarding an attorney's fee…, the court, in its discretion, may include expert fees as part of the attorney's fee." 42 D.S.C. § 1988(c). In the Civil Rights Act of 1991, Pub.L. 102-166, 105 Stat. 1072, Congress amended 42 U.S.C. §2000e- 5(k) in response to a prior decision that had held that expert fees were not recoverable as part of an attorney's fees award under 42 *U.S.C.* § 1988. *Landgraf v. USI Film Prods., Inc., 511 U.S.* 244, 251 (1994 ) (citing *West Va. Univ. Hosps.,Inc. v. Casey,* 499 *V.S.* 83 (1991)). The legislative history of the 1991 Act indicates that Congress intended the civil rights laws to be broadly construed, particularly in light of the fact that recent Supreme Court decisions had "deviat[ed] repeatedly from this principle and giv[en] unduly narrow constructions to civil rights statutes," *quoting* H.R.Rep No. 102-40(1) at 87-88 (1991), *(reprinted* in 1991 D.S.C.C.A.N. at 625-26). The Report further observed that "the Legislative history is replete with references to Congress's intention that civil rights laws are to be broadly construed consistent with their remedial purpose." *Id.* at 1079.

In light of that history, courts have concluded that 42 U.S.C. §2000e-5(k) provides express statutory authority for an award of expert witness fees in excess of the per diem amounts set forth in 28 *U.S.C.* §1821. *See O'Rourke v. City of Providence,* 77 F.Supp.2d 258, 271 (D.R.I. 1999) ("[T]he amendment [to §2000e 5(k) makes clear that expert witness fees in excess of §1821 witness costs are recoverable in Title VII cases."); *Benson v. Northwest Airlines, Inc.,* 1997 WL 122897, No. 4-95-581, at *6 (D.Minn.1997)(stating that "the plain language of §2000e- 5(k) permits an award for expert fees greater than the limits under §1821 "). Accordingly, §2000e-5(k) authorizes an award of costs for expert witness fees.

Expert witness fees are allowable under the Act and were vital to Plaintiff's attorney's litigation expenses. "An Expert's fee falls within the scope of litigation expenses and cost". *Hansen v. Deercreek Plaza, LLC,* 420 F.Supp.2d 1346 (S.D. Fla. 2006). *Robins v. Scholastic Book Fairs*, 928 F.Supp. 1027, 1036 (D. Or. 1996) (finding that litigation expenses include the costs of expert witnesses). Likewise, in *Ziter v. Vista Designs, Inc.*, Case No. 00-7137-Civ-Lennard (S.D.Fla. 2001),

the Court awarded the Plaintiff's expert witness fees on the basis that expert witness fees are considered "litigation expenses." See *Ziter* at 5 citing *Robins* at 1036 ("litigation expenses include the costs of expert witnesses.")

As explained in Appendix B to 28 C.F.R. Par 36 (p. 640) – PREAMBLE TO REGULATION ON NONDISCRIMINATION ON THE BASIS OF DISABILITY BY PUBLIC ACCOMMODATIONS AND IN COMMERCIAL FACILITIES (PUBLISHED JULY 26, 1991),

> Section 36.505 states that Courts are authorized to award attorneys fess, including litigation expenses and costs, as provided in Section 505 of the Act. Litigation expenses include items such as expert witness fees, travel expenses, etc.. The Judiciary Committee Report specifies that such items are included under the rubric of "attorneys fees"… [emphasis added].

In *Dowdell*, the Court held that Courts have long awarded expenses liberally (including expert fees) as part of the costs in civil rights litigation and that "…fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs litigation," *Dowdell*, supra, at 1188-1190. The liberal approach is taken in order to encourage the private enforcement of the ADA, *Id.* at 1191. Experts are necessary in ADA actions and the Federal Court in Florida have continually awarded expert fees in actions to enforce the American with Disabilities Act. In *Association for Disabled Americans, Inc. et al. v. Motiva Enterprises, L.L.C.*, Case No. 99-580-Civ-Jordan/Bandstra, the Court awarded expert fees in the amount of $12,339.95. In Advocates *for the Disabled, et al. v. Boulevard Motel Corporation*, Case No. 99-6833-Civ-Highsmith/Garber, the Court awarded expert fees in the amount of $2,000.00. Further, in *Motiva L.L.C.,* supra, the Court stated that:

> It is within the Court's discretion to award a prevailing party under the ADA, not only the attorneys' fees, but also expert fees. See, 42 U.S.C. §12117(a) (stating that the powers, remedies, and procedures available under Title VII, 42 U.S.C. § 2000e-5 are available under the ADA); See, also 42 U.S.C. § 12205.

Plaintiff's ADA expert, Caroline Greenberg, is extremely well-qualified and acknowledged as one of the premier ADA experts in the field.  Caroline Greenberg is a Certified licensed and insured General Contractor who has not only worked as an Expert but who also completed construction remodeling and modifications of commercial and residential properties to ensure compliance with the ADA and FHA. Caroline Greenberg has not only worked on Plaintiff cases but also as a Defense Expert. She has worked as an expert on well over 40 cases and has years of experience addressing disability access issues at publicly owned and commercial facilities pursuant

16

The Shemtov Law Firm, P.A.
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

to Title II and Title III of the ADA, the Federal Fair Housing Act, the American National Standards Institute, the Florida Accessibility Code for Building Construction, and related accessibility codes. Furthermore, over 50 Defendants have stipulated to Mrs. Greenberg's expertise and fee schedule.

The rate sought for sought for Plaintiffs' expert is commensurate with rates awarded this same expert in the Southern District of Florida. Accordingly, since the rate is commensurate to the prevailing market rates, the Defendant's agreement to use the report and expert, and the fact that the costs billed on this matter by the expert are detailed, well documented and reasonable, the expert is entitled to her unreduced costs and fees.

The Plaintiff's seeks expert fees in the amount of $1000.00, which includes fees for the pre-inspection of the property.  This amount represents the travel time to and from the facility, inspection time, time spent producing a report, research and other preparation at her normal rate. Attached is the invoice and Experts CV. The amounts requested are reasonable based upon the nature of the work performed and the customary rate charged for similar services in her area.

V.     CONCLUSION: TOTAL ATTORNEY'S FEES, EXPERT FEES, AND COSTS

Based on the Foregoing, Plaintiff seeks an award for attorney's fees, expert fees, and costs as follows:

Attorney's fees: 16.75 hours x Hourly rate of $375.00 =         $6281.25

Attorney's Costs: $400 for filing Fee + $120 for service fee + $20 postage fee=   $540.00

Expert's Fees and Costs=                                         $1000.00

TOTAL:…………………………………………………… $7821.25

WHEREFORE, it is respectfully requested that the Court award the Plaintiff's undersigned counsel attorney's fees, expert fees and costs, in the sum of $ 7821.25.

Dated this 9th day of April, 2015.

Respectfully submitted,

<div align="right">

*Attorney for Plaintiff*

**<u>S:/ Tal Shemtov</u>**
**TAL SHEMTOV, ESQ.**
THE SHEMTOV LAW FIRM, P.A.
Florida Bar No. 28456
9715 West Broward Blvd. #256
Plantation, Fl 33324
Telephone: (954) 861-9787
Facsimile: (954) 236-3530
Shemtovlawfirm@Yahoo.com

</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: `14-62809-CV-UNGARO`

LEMUEL NELSON,
    Plaintiff,

vs.

S&S PEMBROKE PLAZA LLC,
a Florida corporation,
*and* LA COCINA PUERTORRIQUENA INC.,
a Florida corporation,
*and* LOBO ENTERPRISES, INC.,
a Florida corporation, *d/b/a*
PEMBROKE WIRELESS *a/k/a* METRO PCS

    Defendants.
_____/

### *CERTIFICATE OF SERVICE*

I hereby certify that on March 9, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US MAIL for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            Respectfully submitted,

            **The Shemtov Law Firm, P.A.**
            *Attorney for Plaintiff*

            By: S/ Tal Shemtov
            **Tal Shemtov, Esquire**

## SERVICE LIST

TO: S&S PEMBROKE PLAZA LLC, a Florida corporation,

    **BY SERVING:**

    **REGISTERED AGENT**

        SASONI, MICHAEL J
        3201 NE 183 STREET
        # 306
        AVENTURA, FL 33160

VIA **US MAIL**

TO: LA COCINA PUERTORRIQUENA INC., a Florida corporation,

    **BY SERVING:**

    **REGISTERED AGENT**
        LA COCINA PUERTORRIQUENA
        ISABEL, ISIS
        6742 PEMBROKE ROAD
        PEMBROKE PINES, FL 33023

VIA **US MAIL**

TO: LOBO ENTERPRISES, INC., a Florida corporation, *a/k/a* METRO PCS

    **BY SERVING:**

    **REGISTERED AGENT**

        LOBO RODRIGUEZ, ELSA
        6776 PEMBROKE ROAD
        PEMBROKE PINES, FL 33023

VIA **US MAIL**

        Respectfully submitted,

        **The Shemtov Law Firm, P.A.**
        *Attorney for Plaintiff*

        By: S/ Tal Shemtov
        **Tal Shemtov, Esquire**

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530